**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                            Criminal Case No. 10-20770
                                               Civil Case No. 14-11971
                                               Honorable Denise Page Hood

MANUEL RODGERS,

      Defendant.

_____/

**ORDER DENYING DEFENDANT'S MOTION**
**TO VACATE SENTENCE UNDER 28 U.S.C. § 2255,**
**ORDER DISMISSING CIVIL CASE NO. 14-11971,**
**ORDER DENYING CERTIFICATE OF APPEALABILITY,**
**and**
**ORDER DENYING DEFENDANT'S MOTION TO AMEND**

**I.   BACKGROUND**

Following a jury trial, Petitioner Defendant was convicted of one count of possession with intent to distribute 171 pounds of marijuana and one count of possession with intent to distribute more than seven kilograms of cocaine in violation of 21 U.S.C. § 841(a)(1). Defendant was sentenced to concurrent terms of 144 months on each count. Defendant appealed his conviction **[Criminal Case No. 10-20770, Docket No. 42, July 24, 2012]**. The Sixth Circuit Court of Appeals affirmed Defendant's conviction. *United States v. Rodgers*, 536 F. App'x 621 (6th Cir. 2013).

Now before the Court is Defendant's Motion to Vacate Sentence under 28

U.S.C. § 2255 **[Criminal Case No. 10-20770, Docket No. 54, filed May 16, 2014]**.  The Government filed a Response **[Criminal Case No. 10-20770, Docket No. 61, filed August 13, 2014]**.  Defendant filed a Reply to the Response **[Criminal Case No. 10-20770, Docket No. 64, filed January 6, 2014]**.  For the reasons stated below, Defendant's Motion to Vacate Sentence is **DENIED**.

Also before the Court is Defendant's Motion to Amend the Motion to Vacate Sentence under 28 U.S.C. § 2255 **[Criminal Case No. 10-20770, Docket No. 65, filed January 21, 2015]**.  For the reasons stated below, Defendant's Motion to Amend is **DENIED**.

## II. ANALYSIS

Section 2255 authorizes a federal prisoner to move the district court to vacate a sentence. 28 U.S.C. § 2255(a).  Motions brought under 28 U.S.C. § 2255 are subject to a one-year limitations period established by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").  *Dunlap v. United States*, 250 F.3d 1001, 1004-05 (6th Cir. 2001).  The AEDPA established a one-year limitations period for § 2255 motions, generally running from "the date on which the judgment of conviction becomes final."  28 U.S.C. § 2255(f)(1).  When a movant does not pursue a direct appeal to the court of appeals, the conviction becomes final on the date the time for filing such an appeal expires.  *Sanchez-Castellano v. United States*, 358 F.3d 424, 428 (6th Cir. 2004).

Relief is procedurally barred when a petitioner fails to raise an issue at trial or on direct appeal, unless such petitioner can satisfy the "cause and prejudice" standard. *United States v. Frady*, 456 U.S. 152, 162-66 (1982). In order to satisfy this standard, a petitioner must demonstrate cause for his failure to object or raise the issue on direct appeal, and he must show that he suffered actual prejudice as a result of the alleged error. *Id.* Only after both cause and prejudice have been shown will the Court address the merits of the claim raised. *Id.* Sentencing errors not raised on direct appeal are subject to this cause and prejudice standard. *See O'Neil v. United States*, 992 F.2d 1217 (6th Cir. 1993). In addition, petitioner must raise all appealable issues on direct appeal, and may not use § 2255 as a substitute for a direct appeal. *Frady*, 456 U.S. at 165.

Generally, "a defendant may not raise ineffective assistance of counsel claims for the first time on direct appeal, since there has not been an opportunity to develop and include in the record evidence bearing on the merits of the allegations." *United States v. Wunder*, 919 F.2d 34, 37 (6th Cir. 1990). The proper procedure for a petitioner to raise a claim for ineffective assistance of counsel is to proceed under 28 U.S.C. § 2255. *Id.*

The Government claims that Petitioner's Motion should be dismissed because he failed to raise the issue of ineffective assistance of counsel at sentencing or on direct appeal. The Court disagrees. Petitioner followed the

3

correct procedure in raising the issue in a § 2255 motion.

Under the Sixth Amendment, a defendant has a right to "have the Assistance of Counsel for his defence." U.S. Const. Amend. VI. A defendant under the Sixth Amendment has a right to "reasonably effective assistance of counsel." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In *Strickland*, the Supreme Court articulated a two prong test for ineffective counsel:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown of the adversary process that renders the result unreliable.

*Id*. "There is a strong presumption that legal counsel is competent." *United States v. Osterbrock*, 891 F.2d 1216, 1220 (6th Cir. 1989). In addition, a "reviewing court must give a highly deferential scrutiny to counsel's performance." *Ward v. United States*, 995 F.2d 1317, 1321 (6th Cir. 1993). "The reasonableness of counsel's performance is to be evaluated from counsel's perspective at the time of the alleged error and in light of all the circumstances." *Kimmelman v. Morrison*, 477 U.S. 365, 384 (1986). "The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the

proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland,* 466 U.S. at 694.  On appeal, the law does not "compel appointed counsel to press nonfrivolous points requested by the client, if counsel, as a matter of professional judgment, decides not to present those points." *Jones v. Barnes*, 463 U.S. 745, 751, 103 S. Ct. 3308, 3312, 77 L. Ed. 2d 987 (1983).

In his Motion to Vacate Sentence under 28 U.S.C. § 2255 **[Criminal Case No. 10-20770, Docket No. 54, filed May 16, 2014],** Rodgers claims he received ineffective assistance of counsel based on his counsel's failure to force the Government to produce the confidential informant at trial or to verify that the confidential informant existed.  Rodgers claims that he told counsel that the agents were lying and that they did not have an informant since Rodgers never spoke to anyone on the dates the agents allege in the application for the search warrant.

The Court holds that Petitioner has failed to demonstrate prejudice as a result of the alleged errors.  To meet this prong of the standard, a petitioner must show that the complained of error worked to his actual and substantial disadvantage. *Frady*, 456 U.S. at 170.  "The Sixth Amendment does not… require the government to call every witness competent to testify, including… informers." *United States v. Moore*, 954 F.2d 379, 381 (6th Cir. 1992) (citing *U.S. v. Craig*, 477 F.2d 129 (6th Cir.1973)).  Petitioner did not have sufficient legal grounds to

learn the identity of the informant or to have the informant produced. "If the evidence upon which a defendant is convicted was secured personally by government agents who testified, the government is not required to produce the cooperating individual." *Id*. In this instance, the Government sought the search warrant based on the confidential informant's tip, a check of Defendant's name revealing properties Defendant owned and information about prior convictions, and information obtained through surveillance and tracking Defendant's vehicle. Thereafter, police officers discovered the possession of marijuana and cocaine while executing the search warrant. *See United States v. Lloyd,* 400 F.2d 414, 416 (6th Cir. 1968) (Revealing confidential informer's identity not required "where the informer merely furnished a tip which helped police officers obtain a warrant."); *United States v. Beals*, 698 F.3d 248, 269 (6th Cir. 2012) ("The district court was within its discretion to allow the government to withhold the identity of its confidential informant.").

Petitioner argues that counsel should have requested that the Government produce the confidential informant, and that *Roviaro v. United States*, 353 U.S. 53 (1957), requires the disclosure of the confidential informant's identity in some situations. The Court required "balancing the public interest in protecting the flow of information against the individual's right to prepare his defense." *Id*. at 62. Unlike this case, in *Roviaro*, the informant was the only material witness other than

the petitioner that could testify about petitioner's lack of knowledge of the contents of a package containing heroin. *Id.* at 64. In this case, the confidential informant's tip was one of several factors presented in the affidavit to the search warrant. The informant was not present at the time the charged offenses took place, and is therefore not a material witness. Since Petitioner was not entitled to have the informant produced or be identified, Petitioner has failed to demonstrate prejudice as a result of the complained of errors. The Court finds that the relief requested by Petitioner is barred.

In his Motion to Amend the Motion to Vacate Sentence under 28 U.S.C. § 2255 **[Criminal Case No. 10-20770, Docket No. 65, filed January 21, 2015]**, Rodgers argues that he received ineffective assistance of counsel "due to counsel's failure to seek to suppress any evidence obtain[ed] from an illegal attachment of a GPS monitoring device to [Rodger's] vehicle." Rodgers filed a Second Motion to Suppress that moved to suppress evidence obtained from the attachment of the GPS monitoring device **[Criminal Case No. 10-20770, Docket No. 22, filed January 26, 2012]** and the Court denied the Motion. The Sixth Circuit Court of Appeals noted that "Rodgers does not challenge on appeal the district court's denial of his motion to suppress evidence obtained from the agents' use of the tracking device, and so we deem this issue abandoned." *United States v. Rodgers*, 536 F. App'x 621, 623 (6th Cir. 2013). Failing to raise nonfrivolous issue on

appeal as a matter of professional judgment is not a basis for ineffective assistance of counsel. *See Jones v. Barnes*, 463 U.S. at 751. Petitioner is not entitled to relief on this claim.

### III. CERTIFICATE OF APPEALABILITY

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability is issued under 28 U.S.C. § 2253. Rule 11 of the Rules Governing Section 2225 Proceedings, which was amended as of December 1, 2009, requires that a district court must issue or deny a certificate of appealability when it enters a final order. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Courts must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b); *In re Certificates of Appealability,* 106 F.3d 1306, 1307 (6th Cir. 1997).

For the reasons set forth above, the Court finds that a certificate of appealability will not be issued in this case since the issues raised are without merit.

### IV. CONCLUSION

Accordingly,

8

**IT IS ORDERED** that the Defendant's Motion to Vacate Sentence under 28 U.S.C. § 2255 **[Criminal Case No. 10-20770, Docket No. 54, filed May 16, 2014]** is **DENIED.**

**IT IS FURTHER ORDERED** that the Defendant's Motion to Amend the Motion to Vacate Sentence under 28 U.S.C. § 2255 **[Criminal Case No. 10-20770, Docket No. 65, filed January 21, 2015]** is **DENIED**.

**IT IS FURTHER ORDERED** that the Defendant's Motion to Vacate Sentence under 28 U.S.C. § 2255 **[Civil Case No. 14-11971]** is **DISMISSED with prejudice and designated as CLOSED.**

**IT IS FURTHER ORDERED** that Defendant's Motion for Enlargement of Time **[Criminal Case No. 10-20770, Docket No. 63, filed November 25, 2014]** is **GRANTED** to January 6, 2015.  The Court notes that Defendant filed a Reply to the Government's Response on January 6, 2015 **[Criminal Case No. 10-20770, Docket No. 64]**, and will consider it.  Based on the Reply, it appears Defendant received a copy of the Government's Response prior to submitting his Reply.

**IT IS FURTHER ORDERED** that a certificate of appealability not issue in this case.

**IT IS SO ORDERED.**

S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated: February 4, 2015

I hereby certify that a copy of the foregoing document was served upon counsel of record on February 4, 2015, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager