# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

United States of America,

       Plaintiff-Respondent,           Case No. 10-cr-20770
                                            Hon. Denise Page Hood

v.

Manuel Rodgers,

       Defendant-Petitioner.

_____/

## ORDER DENYING DEFENDANT'S MOTION FOR THE RETURN OF PERSONAL PROPERTY, PURSUANT TO FED. R. CRIM. P. 41(g) [#75]

      In December 2010, defendant Manuel Rodgers' property was seized incident to arrest and executed search warrants. Such property was subsequently forfeited shortly thereafter. Defendant's property consisted of $1,124.00 and $4,500.00 in US currency and a Canon Rebel camera. The $1,124.00 was seized incident to his arrest; the camera was seized when the DEA-Detroit Enforcement Group 4 subsequently executed a State of Michigan search warrant at a Detroit residence; and the $4,500.00 was seized when the DEA-Detroit Enforcement Group 4 executed a State of Michigan search warrant at Rodgers' business.

      Rodgers was served with notice of forfeiture by the Walled Lake Police Department, which warned that failure to file a claim of interest and bond within

20 days would cause the property to be declared forfeited. He failed to contest the notice of forfeiture. As a result, Defendant's property was administratively forfeited by the Walled Lake Police Department. The US currency was held by the Walled Lake Police Department, while the Canon Rebel camera was held for safekeeping with the DEA-Detroit Divisional Office.

Defendant was indicted on three drug trafficking charges, and in April 2012, he was found guilty by jury of possession with intent to distribute 171 pounds of marijuana (Count 2) and possession with intent to distribute 7 kilograms of cocaine (Count 3), in violation of 21 U.S.C. § 841(a)(1). Rodgers was found not guilty on possession with intent to distribute 24 kilograms of cocaine (Count 1).

On May 11, 2016, Defendant filed a Rule 41(g) motion to compel the Government to release his personal property. Rule 41(g) allows persons to move the Government to return property and provides that:

> A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The Court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

Fed. R. Crim. P. 41(g).

# I. SUBJECT MATTER JURISDICTION

The Government claims that it is not in possession of the property that Defendant seeks. In *United States v. Ocampo*, No. 06-20172, 2009 WL 3617987, at *2 (E.D. Mich. Oct. 30, 2009), the court was found to have jurisdiction to order the return of the defendant's property, despite the fact that searches were conducted by state authorities because the searches were merely alleged by the defendant to have been conducted as part of a federal investigation and pursuant to a federal search warrant.

Similar to *Ocampo*, this Court has subject-matter jurisdiction to order the return of Defendant's $1,124.00 and $4,500.00 in US currency, despite the fact that the Walled Lake Police Department held possession of this currency, because the $1,124.00 was seized and forfeited by a Task Force Officer pursuant to arrest, and the $4,500.00 was seized and forfeited pursuant to the DEA-Detroit Enforcement Group 4 execution of a State of Michigan search warrant. This court also has jurisdiction over Defendant's Canon camera, as the record indicates that the DEA-Detroit Divisional Office held possession of the camera for safekeeping.

# II. RELIEF UNDER FED. R. Civ. P. 41(g)

**A. Defendant was notified of forfeiture proceedings; therefore, his matter is a civil action in equity.**

The court in *United States v. One 1974 Learjet 24D*, 191 F.3d 668, 673 (6th Cir.1999), stated that once the property owner has been notified that forfeiture proceedings have been initiated, Rule 41(g) is no longer applicable; and that the claimant must instead submit to the statutory procedures governing civil forfeiture proceedings, which are set forth in 18 U.S.C.A. § 983. The record indicates that the Walled Lake Police Department served Defendant with a notice of forfeiture and that such provided Defendant with the opportunity to contest. Therefore, because Defendant was notified that forfeiture proceedings had been initiated, relief to Rodgers cannot be granted under Rule 41(g). *See United States v. King*, 442 F. App'x 212, 213 (6th Cir. 2011) ("A motion to set aside a forfeiture under 18 U.S.C. § 983(e) is the exclusive remedy for seeking to set aside a declaration of forfeiture under a civil forfeiture statute.").

**B. Defendant's criminal proceeding concluded; therefore, his matter is a civil action in equity.**

A motion under Rule 41(g) is treated as a civil action in equity when criminal proceedings have concluded. *United States v. Dusenbery*, 201 F.3d 763, 768 (6th Cir.2000). In Rodgers' matter, his criminal proceedings have concluded, as in 2012, Defendant was found guilty by the jury on two counts of drug trafficking

charges. Defendant's conviction was affirmed by the Sixth Circuit, and the denials of his petition to vacate his sentence and request for a certificate of appealability were also affirmed by the Sixth Circuit. Therefore, because Defendant's criminal proceedings have concluded, his attempt to recover his property is governed by general rules for civil forfeiture proceedings set forth in 18 U.S.C.A. § 983, and so relief to Rodgers cannot be granted under Rule 41(g).

### III. STATUTE OF LIMITATIONS

Even if Defendant's Rule 41(g) motion nevertheless remained a viable option, the statute of limitations bars it. "There is a five-year statute of limitations on an administrative forfeiture proceeding as well as on a motion for return of property pursuant to Rule 41(g)." *Ocampo* at *3 (E.D. Mich. Oct. 30, 2009). The property at issue was seized in December 2010, yet Defendant's motion for the return was filed in May 2016. Over five years has passed since Defendant's property was seized; therefore, the five-year statute of limitations has run and bars Defendant's claim.

## III. CONCLUSION

For the reasons stated above, Defendant's Motion for the Return of Personal Property (Doc # 75) is **DENIED.**

**IT IS ORDERED.**


                                      S/Denise Page Hood
                                      Denise Page Hood
                                      Chief Judge, United States District Court

Dated: August 15, 2017

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 15, 2017, by electronic and/or ordinary mail.

                                      S/LaShawn R. Saulsberry
                                      Case Manager