**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

        Plaintiff,         CASE NO. 10-20770
                              HON. DENISE PAGE HOOD

v.

MANUEL RODGERS,

        Defendant.
_____/

## ORDER TRANSFERRING DEFENDANT'S MOTION FOR RESTORATION OF APPELATE RIGHTS [#79] TO THE SIXTH CIRCUIT COURT OF APPEALS

Now before the Court is Defendant Manuel Rodgers's ("Rodgers") *pro se* "Motion For Restoration Of Appellate Rights Pursuant To Fed. R. Civ. P. Rule 60(B)(6)," filed on March 21, 2018. (Doc # 79) Defendant seeks to use Rule 60(b)(6) to file a second challenge to the judgment of his direct appeal (Doc # 52), on the grounds that his appellate counsel was ineffective, and he was denied his right to confront the government's confidential informant. For the reasons set forth below, Defendant's motion is **TRANSFERRED** to the United States Court of Appeals for the Sixth Circuit.

    **I.**     **BACKGROUND**

On April 4, 2012, Rodgers was found guilty of one count of possession with intent to distribute marijuana and one count of possession with intent to distribute

1

cocaine, in violation of 21 U.S.C. § 841(b)(1)(c) and (b)(1)(A)(ii)(II) respectively. (Doc # 34) This Court sentenced Rodgers to concurrent terms of 144 months for each count and entered judgment against Defendant on August 8, 2012. (Doc # 46) On September 23, 2013, Defendant appealed to the Sixth Circuit, which issued an opinion affirming the conviction. *United States v. Rodgers*, 536 F. App'x 621 (6th Cir. 2013); (Doc # 52). In response, Rodgers filed his first motion for habeas relief via a Motion to Vacate Sentence under 28 U.S.C. § 2255 on May 16, 2014. (Doc # 54) This Court denied Defendant's § 2255 Motion and issued judgment in favor of the United States. (Doc # 66; Doc # 67) On February 20, 2015, Rodgers filed a motion with the Sixth Circuit Court of Appeals, seeking a certificate of appealability to challenge this Court's order and judgment denying his § 2255 Motion. (Doc # 68) The Sixth Circuit denied Rodgers's motion. (Doc # 74)

Defendant brings the present motion invoking Rule 60(b)(6) to restore his right to appeal. (Doc # 79) Defendant contends that he received ineffective assistance of counsel and was not permitted to question the government's confidential witness during his direct appeal.

## II. ANALYSIS

### A. Jurisdiction

According to the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), codified at 28 U.S.C. § 2241 *et. seq.,* amended 28 U.S.C. §§ 2244,

2253, and 2254, an individual seeking to file a "second or successive" habeas petition must seek an order from the appropriate court of appeals that authorizes the district court to consider the petition. 28 U.S.C. § 2244(b)(3)(A); *see Steward v. Martinez-Villareal*, 523 U.S. 637, 641 (1998). The Sixth Circuit follows this rule and requires that successive § 2255 motions be transferred to the Court of Appeals before being considered by a district court. *See Nailor v. United States*, 487 F.3d 1018, 1022–23 (6th Cir. 2007). In *Nailor,* the Sixth Circuit affirmed the district court's transfer of the defendant's Rule 60(b)(6) motion to the appellate court, agreeing that the motion was a second habeas petition since it featured arguments that could have been raised in the first § 2255 motion. *Id.*

In the present case, Defendant brings his Rule 60(b)(6) motion on the grounds that his appellate counsel was ineffective and that he was denied his confrontation right to challenge the government's informant. Contrary to the Defendant's framing of the motion, the Court construes this filing as a second § 2255 Motion challenging the result of Defendant's direct appeal. Similar to *Nailor*, these issues could have been brought during Defendant's first habeas petition. *Id.* Accordingly, this Court is required to deny the Motion and transfer the request to the Sixth Circuit for authorization.

I. CONCLUSION

For the reasons set forth above,

**IT IS HEREBY ORDERED** that Defendant Manuel Rodgers's "Motion For Restoration Of Appellate Rights Pursuant To Fed. R. Civ. P. Rule 60(B)(6)" (Doc # 79) is **TRANSFERRED** to the United States Court of Appeals for the Sixth Circuit.

S/Denise Page Hood
Denise Page Hood
Chief Judge, United States District Court

Dated: August 10, 2018

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 10, 2018, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager