# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

CASE NO. 10-CV-20770
HONORABLE DENISE PAGE HOOD

MANUEL RODGERS,

    Defendant.

_____/

## ORDER DENYING WITHOUT PREJUDICE EMERGENCY MOTION TO DISMISS COMPLAINT/INDICTMENT AND TRANSFERRING MOTION TO THE SIXTH CIRCUIT COURT OF APPEALS AS A SUCCESSIVE MOTION UNDER 28 U.S.C. § 2255

This matter is now before the Court on Defendant Manuel Rodgers' Emergency Motion to Dismiss Complaint and Indictment, considered as another successive motion under 28 U.S.C. § 2255. **(ECF No. 82)** On February 4, 2015, an Opinion and Order denying Defendant's Motion to Vacate Sentence Under 28 U.S.C. § 2255 was filed, along with the Judgment. **(ECF Nos. 66, 67)** Defendant has since filed several post-judgment motions. On February 22, 2019, the Sixth Circuit Court of Appeals entered an Order denying Defendant's latest successive motion. **(ECF No. 81)**. For the reasons set forth below, the Court

must transfer this motion to the Sixth Circuit Court of Appeals as another successive motion.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2241 *et. seq.*, amended 28 U.S.C. §§ 2244, 2253, and 2254, governs habeas corpus proceedings in federal courts. Pursuant to those amendments, an individual seeking to file a "second or successive" habeas petition must ask the appropriate court of appeals for an order directing the district court to consider the petition. *See* 28 U.S.C. § 2244(b)(3)(A); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 641 (1998); *In re Wilson*, 142 F.3d 939, 940 (6th Cir. 1998). This requirement transfers to the court of appeals a screening function which the district court previously performed. *Felker v. Turpin*, 518 U.S. 651, 664 (1996). The Sixth Circuit requires a successive § 2255 motion to be transferred to the Sixth Circuit Court of Appeals. *In re Nailor,* 487 F.3d 1018, 1022-23 (6th Cir. 2007). Any Rule 60(b) motion is considered a second or successive § 2255 motion which must be transferred to the Sixth Circuit Court of Appeals for certification. *In re Sims,* 111 F.3d 45, 47 (6th Cir. 1997); *Gonzales v. Crosby*, 545 U.S. 524, 531 (2005).

Accordingly,

IT IS ORDERED that Defendant's Emergency Motion to Dismiss Complaint

and Indictment is DENIED without prejudice. **(ECF No. 82)**

IT IS FURTHER ORDERED that the Clerk of the Court **TRANSFER** this Emergency Motion to Dismiss Complaint and Indictment to the Sixth Circuit Court of Appeals.

<pre>
                              s/Denise Page Hood
                              DENISE PAGE HOOD
                              CHIEF JUDGE
Dated: December 23, 2019
</pre>